IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. 23-03118-01-CR-S-BCW |
|---|---|
| Plaintiff, | **COUNT 1**<br>18 U.S.C. § 1343<br>NMT 20 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class C Felony |
| v. | |
| **COREY LOUIS HENDRICKSON,**<br>[DOB: 02/19/1978] | |
| | **COUNT 2**<br>18 U.S.C. § 1028A<br>Mandatory Term of 2 Years Imprisonment<br>Consecutive to Other Counts of Conviction<br>NMT $250,000 Fine<br>NMT 1 Year Supervised Release<br>Class E Felony |
| Defendant. | |
| | **FORFEITURE ALLEGATION**<br>18 U.S.C. §§ 981(a)(1)(C) & 982(a)(2)(B) 28 U.S.C. § 2461 |
| | $100 Special Assessment per Felony Count of Conviction |

## INFORMATION

**THE UNITED STATES ATTORNEY CHARGES THAT:**

### Background

At all times material to this Information:

1. The defendant, **COREY LOUIS HENDRICKSON** (hereinafter **HENDRICKSON**), was employed by Prime Incorporated. Prime Incorporated was and

continues to be a freight transportation and logistics trucking company located in Springfield, Greene County, Missouri, within the Western District of Missouri.

2. ComData is a payment processor and issuer of fleet fuel cards, corporate spend cards, paperless payroll cards, virtual payment, and trucking permits located in Brentwood, Tennessee.

3. **HENDRICKSON** was a fleet dispatcher for Prime Incorporated. As a fleet dispatcher, **HENDRICKSON** had access to the personal information of the truck drivers employed by Prime Incorporated, as well as the ComData accounts for each driver.

4. Prime Incorporated contracted with ComData to create and manage accounts for each of Prime, Inc., drivers. ComData would issue each driver for Prime Incorporated a card that allowed the driver to access money from their account to purchase fuel for the truck they were operating.

5. In order to access the ComData accounts for a driver with Prime Incorporated, the driver's social security number was used to log into their accounts to access the monies deposited by Prime Incorporated.

## The Scheme

6. From on or about September 9, 2016, and continuing until on or about August 17, 2021, said dates being approximate, in Greene County, within the Western District of Missouri, and elsewhere, the defendant, **COREY LOUIS HENDRICKSON**, devised a scheme and artifice to defraud and obtain money from Prime Incorporated, by accessing and withdrawing monies deposited into the ComData accounts of its drivers, by means of

materially false and fraudulent pretenses, representations and promises. The scheme was as follows:

7. It was a part of the scheme that **HENDRICKSON** used his position with Prime Incorporated to access the ComData accounts of those drivers employed with Prime Incorporated.

8. **HENDRICKSON**, without the authority of Prime Incorporated or any of the drivers, used the name and social security number to access the ComData accounts of those drivers with a positive balance on their accounts.

9. **HENDRICKSON,** again without the authority of Prime Incorporated or any of the drivers, would then withdraw monies from the drivers' ComData accounts, which would occur over a wire transmission from Springfield, Missouri, where **HENDRICKSON** was located, to ComData, located in Brentwood, Tennessee.

10. **HENDRICKSON** then transferred the fraudulently obtained monies into his various personal financial accounts, which he accessed in Greene County, Missouri.

11. **HENDRICKSON** also wrote checks at the Travel Center of America in Strafford, Missouri, to withdraw the fraudulently obtained monies for his own personal expenses and use.

12. **HENDRICKSON**, thereafter, made approximately 1078 fraudulent transactions between September 9, 2016, and August 17, 2021.

13. Between the same aforementioned time period **HENDRICKSON** falsely and fraudulently accessed the ComData accounts of 500 different Prime Incorporated drivers.

14. Ultimately, **HENDRICKSON'S** unauthorized and fraudulent electronic wire transactions resulted in him embezzling approximately $298,737.99 in monies from the ComData accounts of numerous Prime Incorporated drivers.

## COUNT 1
## 18 U.S.C. § 1343
### (Wire Fraud)

15. The allegations set forth in paragraphs 1 through 14 are herein incorporated in full.

16. From on or about September 9, 2016, and continuing until on or about August 17, 2021, said dates being approximate, in Greene County, in the Western District of Missouri and elsewhere, **COREY LOUIS HENDRICKSON**, the defendant herein, devised and executed a scheme or artifice to defraud Prime Incorporated and its individual drivers, and to obtain monies, funds and other property owned by, or under the custody or control of Prime Incorporated and its individual drivers, by means of materially false and fraudulent pretenses, representations, and promises, as is more particularly described in the paragraphs above.

17. On or about September 9, 2016, through August 17, 2021, said dates being approximate, in Greene County, in the Western District of Missouri, and elsewhere, **COREY LOUIS HENDRICKSON,** the defendant, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce signals and sounds, specifically, the transmission of electronic signals that fraudulently withdrew over $298,737.99 in monies from the ComData accounts of Prime Incorporated drivers located in Brentwood, Tennessee, while working for Prime

Incorporated, located in Springfield, Greene County, Missouri, to then pay for his personal expenses.

18. All in violation of Title 18, United States Code, Section 1343.

## COUNT 2
## 18 U.S.C. § 1028A
### (Aggravated Identity Theft)

19. The factual allegations of Paragraphs 1 through 18 are re-alleged and incorporated as though fully set forth.

20. On or about October 24, 2020, in Springfield, Greene County, Missouri, in the Western District of Missouri, and elsewhere, the defendant, **COREY LOUIS HENDRICKSON**, knowingly possessed and used, without lawful authority, the means of identification of another person, specifically W.P.U.'s name and Social Security Number, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit 18 U.S.C. § 1343 as charged in Count 1, knowing that the means of identification belonged to another actual person.

21. All in violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION

22. The allegation of Count 1 in this Information is hereby repeated and re-alleged as if fully set forth herein for the purpose of alleging forfeiture to the United States pursuant to the provision of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

23. The allegation of Count 2 in this Information is hereby repeated and re-

alleged as if fully set forth herein for the purpose of alleging forfeiture to the United States pursuant to the provision of Title 18, United States Code, Section 982(a)(2)(B).

24. The property, real and personal, of Defendant **COREY LOUIS HENDRICKSON**, obtained, directly or indirectly, as a result of the violation of law set out in Count 1 of this information and which constitutes, is derived from, and is traceable to the proceeds obtained directly or indirectly from the criminal conduct alleged in Count One of this information, is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C).

25. The property, real and personal, of Defendant **COREY LOUIS HENDRICKSON**, obtained, directly or indirectly, as a result of the violation of the law set out in Count 2 of this Information and which constitutes, is derived from, and is traceable to the proceeds obtained directly or indirectly from the criminal conduct alleged in Count Two of this Information, is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(B).

26. Specifically subject to forfeiture is a monetary judgment that constitutes the sum of the aggregate proceeds of the fraudulent scheme, which totals at least $298,737.99, in United States Currency that resulted directly from the commission of the offense alleged in Counts 1 and 2.

27. If any of the property described in the above paragraph, as a result of any act or omission of the defendant,

    (A)    cannot be located upon the exercise of due diligence;

(B) has been transferred to, sold to, or deposited with a third person;

(C) has been placed beyond the jurisdiction of the Court;

(D) has been substantially diminished in value; and/or

(E) has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), which is incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraphs 24 through 26 above, or elsewhere, as being subject to forfeiture.

Respectfully submitted,
TERESA A. MOORE
United States Attorney

/s/ Patrick Carney
PATRICK A. N. CARNEY
Assistant United States Attorney

DATED: 10/24/2023
Springfield, MO